# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

InCompass IT, Inc., and HLI, LLC,

                          Plaintiffs,

                                             Civ. No. 10-3864 (RHK/JJG)

v.                                             **ORDER**

XO Communications Services, Inc., and
XO Communications, LLC,

                          Defendants.

---

This matter is before the Court *sua sponte*.

Invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiffs InCompass IT, Inc. ("InCompass") and HLI, LLC ("HLI") commenced this promissory-estoppel action against Defendants XO Communications Services, Inc. ("XO") and XO Communications, LLC ("XO LLC"). Plaintiffs allege in their Complaint that InCompass is headquartered in New Brighton, Minnesota, and that HLI is "owned" by InCompass's CEO, Tim Lambrecht. (Compl. ¶¶ 1-2.) They further allege that Defendant XO is headquartered in Reston, Virginia, and is a wholly owned subsidiary of Defendant XO LLC. (Id. ¶¶ 3-4.) Finally, they allege that XO LLC is headquartered in Herndon, Virginia. (Id. ¶ 4.) No other pertinent allegations regarding the citizenship of the parties are found in the Complaint.

As the ones invoking the Court's jurisdiction, Plaintiffs bear the burden of pleading facts establishing the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required them to plead

"with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). They have failed to discharge that burden here for several reasons.

First, a corporation's citizenship is determined by its place of incorporation *and* its principal place of business. 28 U.S.C. § 1332(c)(1). While the Complaint alleges that InCompass and XO are headquartered (*i.e.*, have principal places of business) in Minnesota and Virginia, respectively, it fails to indicate the state(s) of incorporation of those companies.

Second, HLI and XO LLC are limited liability companies. Unlike a corporation, a limited liability company's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). It appears that HLI's lone member is Tim Lambrecht,[1] but the Complaint provides no information about his citizenship. Moreover, the Complaint fails to identify any of XO LLC's members or their citizenship.[2]

---

[1] The Complaint alleges that HLI is "owned" by Lambrecht, but limited liability companies typically have "members" rather than "owners." Regardless, "the terms 'membership' and 'ownership' appear to be used by courts interchangeably when referring to the citizenship of an LLC for diversity jurisdiction purposes." Ray Brown & Assocs., Inc. v. Hot Springs Senior Props., LLC, No. 8:07CV159, 2008 WL 2271488, at *3 (D. Neb. May 29, 2008).

[2] Plaintiffs should not be heard to complain that they lack sufficient information at this juncture to adequately allege the citizenship of XO LLC's members. By commencing their action here, Plaintiffs were required to have a good-faith basis to invoke diversity jurisdiction. See Fed. R. Civ. P. 11. Hence, courts routinely require plaintiffs, at the pleading stage, to adequately allege the citizenship of a defendant LLC's members. See, e.g., In re Arbitration Between Wells Fargo Bank, N.A. and WMR e-PIN, LLC, Civ. No. 08-5472, 2008 WL 5110204 (D. Minn. Nov. 26, 2008) (Ericksen, J.); Osborn & Barr Commc'ns, Inc. v. EMC Corp., No. 4:08-CV-87, 2008 WL

Based on the foregoing, **IT IS ORDERED** that Plaintiffs shall redress the deficiencies set forth above on or before September 23, 2010, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date:  September 9, 2010

s/Richard H. Kyle      
RICHARD H. KYLE
United States District Judge

---

341664 (E.D. Mo. Feb. 5, 2008); Goodwin v. Wachovia Sec., Civ. No. 3:05-371, 2007 WL 1959261 (W.D.N.C. July 5, 2007).