## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| InCompass IT, Inc., and<br>HLI, L.L.C., | Civil No. 10-3864 (SRN/JJG) |
| **Plaintiffs,** | |
| **v.** | **MEMORANDUM OPINION<br>AND ORDER** |
| XO Communications<br>Services, Inc., and<br>XO Communications, L.L.C., | |
| **Defendants.** | |

_____

Alfred M. Stanbury, Stanbury Law Firm, P.A., 2209 St. Anthony Parkway, Minneapolis, Minnesota 55418, for Plaintiffs

Charles K. Maier & Kelly Hoversten, Gray Plant Mooty Mooty & Bennett, P.A., 80 South Eighth Street, Suite 500, Minneapolis, Minnesota 55402, for Defendants

_____

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants' Motion to Strike Plaintiffs' Jury Trial Demand [Doc. No. 114]. For the reasons set forth herein, Defendants' motion is granted.

## I.    BACKGROUND

This action for promissory estoppel arises out of an alleged oral agreement between Plaintiffs InCompass IT, Inc. and HLI, L.L.C. (collectively, "InCompass") and Defendants XO Communications Services, Inc. and XO Communications, L.L.C. (collectively, "XO").[1] The alleged oral agreement in question concerned a property lease in which Plaintiffs were to lease office space to Defendants. Tim Lambrecht, In Compass's CEO, contends that XO's then-

_____

[1]    A thorough discussion of the factual background of this matter may be found in this Court's Order of January 5, 2012 [Doc. No. 134].

General Manager John Unger verbally agreed to sign a triple-net 20-25 year lease for

approximately 20,000 square feet (including the construction of a 5,000 square foot addition) at

a rate of $22 per square foot.   Lambrecht contends that Unger promised to reduce the lease to a

writing, however XO did not provide such a draft.   Plaintiffs allege that based on Unger's oral

representations to lease the property, they entered into a purchase agreement on the property.

When Defendants did not follow through with the lease, Plaintiffs filed the instant suit for

promissory estoppel.

Defendants assert that the statute of frauds bars the alleged oral agreement because,

under Minnesota law, contracts that are for a lease of more than one year must be in writing.

Minn. Stat. § 513.05.  There is no dispute that any alleged lease agreement was never reduced to

a finalized writing.   This Court ruled that issues of fact precluded the issuance of summary

judgment with respect to Plaintiff's promissory estoppel claim and Defendants' statute of frauds

defense.  (Order of 1/5/12 [Doc. No. 134].)  The case is set for trial in March 2012.

Plaintiffs have requested a jury trial, but Defendants argue that because Plaintiffs are

using promissory estoppel to avoid application of the statute of frauds, Plaintiffs' claim sounds

in equity.  Consequently, Defendants argue, Plaintiffs have no right to a jury trial in this action.

Plaintiffs respond that they are not using promissory estoppel to avoid application of the statute

of frauds.  Rather, Plaintiffs contend, their promissory estoppel claim is a matter of detrimental

reliance, calling for a legal remedy, for which they have a right to a trial by jury.

## II.    DISCUSSION

The Seventh Amendment to the Constitution provides that, in suits at common law, the

right of trial by jury "shall be preserved."  U.S. Const. amend. VII.  The Federal Rules of Civil

Procedure recognize this general constitutional right to a jury trial, providing, "The right of trial

by jury as declared by the Seventh Amendment to the Constitution – or as provided by a federal

statute – is preserved to the parties inviolate." Fed. R. Civ. P. 38.   The Supreme Court has held

that the "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so

firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury

trial should be scrutinized with the utmost care." Beacon Theatres, Inc. v. Westover, 359 U.S.

500, 501 (1959) (citations omitted).

Under Fed. R. Civ. P. 38(d), a proper demand for a jury trial may be withdrawn only if

the parties consent.  While Rule 39 clarifies that Rule 38 is perhaps not a source of independent

rights, it states that when a demand has been made for a jury trial, the trial must be by jury,

unless either the parties or their attorneys stipulate to a non-jury trial, or if the court determines

that there is no right to a jury trial.  Fed. R. Civ. P. 39(a)(1)-(2).

Historically, there was no right to a trial by jury for claims that were "equitable," such as

actions for injunctive relief or specific performance.  Charles Alan Wright & Mary Kay Kane,

Law of Federal Courts at 657 (6th ed. 2002).  In contrast, the right to trial by jury has historically

attached to actions that are considered "legal," such as claims for money damages for tort or

breach of contract.  Id.   In evaluating whether a modern-day claim sounds in law or equity, the

Supreme Court has proscribed the following two-part approach:

> First, we compare the statutory action to 18th-century actions brought in the
> courts of England prior to the merger of the courts of law and equity. Second, we
> examine the remedy sought and determine whether it is legal or equitable in
> nature.  Tull v. United States, 481 U.S. 412, 417-418, 107 S. Ct. 1831, 1835, 95
> L. Ed.2d 365 (1987) (citations omitted). The second stage of this analysis is more
> important than the first. Id., at 421, 107 S. Ct., at 1837.

Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989).

As to the sole cause of action at issue in this case, the Minnesota Supreme Court has observed that "[p]romissory estoppel is an equitable doctrine that implies a contract in law where none exists in fact." Martens v. Minnesota Mining & Mfg. Co., 616 N.W.2d 732, 746 (Minn. 2000) (quotation and citations omitted).  For purposes of determining the existence of a right to a jury trial, however, claims for promissory estoppel may be considered equitable or legal, depending on the circumstances:

> The doctrine of promissory estoppel can be classified as legal or equitable depending on the context in which it appears.  If promissory estoppel is being used to avoid the statute of frauds, for example, the claim should be considered equitable.  If the claim for relief is money damages, however, the remedy is legal in nature and the right to a trial by jury must be preserved.

9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2316 (3d ed. 2008). Consistent with this analysis, other courts have held that when promissory estoppel is used to avoid the statute of frauds, the claim should be considered equitable.  See Merex A.G. v. Fairchild Weston Sys., Inc., 29 F.3d 821, 824 (2d Cir. 1994); Geneva Pharm. Tech. Corp. v. Barr Laboratories, Inc., 98 Civ. 861 RWS, 99 Civ. 3687 RWS, 2003 WL 1345136, *3 (S.D. N.Y. Mar. 19, 2003).

In Merex, the court found that any historical analysis of promissory estoppel claims was inconclusive as to whether the claim could be considered exclusively legal or equitable.  29 F.3d at 824.   The court then examined the particular context of a given promissory estoppel claim in order to determine the claim's nature:

> It is clear, however, that both law and equity exert gravitational pulls on the doctrine, and its application in any particular case depends on the context in which it appears.  For example, where a plaintiff sues for contract damages and uses detrimental reliance as a substitute for consideration, the analogy to actions in assumpsit (law) is compelling. By contrast, when the plaintiff uses promissory

> estoppel to avoid a draconian application of the Statute of Frauds, the pull of
> equity becomes irresistible.

Id. at 825.   Applying that rationale to the facts, the court in Merex found that the invocation of

the statute of frauds in that case more closely resembled an action in equity because the alleged

agreement was supported by adequate consideration.   Id.

The difficulty in applying any bright-line rule arises in cases in which both the statute of

frauds is implicated and the plaintiff seeks money damages.   The court in Geneva 'applied the

teachings of Merex' to determine whether the promissory estoppel claim before it was legal or

equitable:

> Geneva has asserted a separate claim for promissory estoppel, rather than a
> contract claim on which it relies on the doctrine to provide consideration. It would
> thus appear to fall outside of the situation described in Merex as compellingly
> legal in nature.  In answer to the first prong of the test [i.e., the nature of the
> claim], therefore, the instant promissory estoppel claim appears to be more
> equitable than legal.

2003 WL 1345136 at *4.

The court went on to address the second prong of the test that examines the type of

remedy sought, considered the "most important" in determining whether a right to a jury trial

obtains.  Id.   In its complaint, in which Geneva had sued a chemical supplier, claiming that the

supplier was required to furnish specified chemicals, Geneva sought reliance damages in excess

of $75,000.  The court concluded that these damages were equitable in nature and that the claim

was not covered by the Seventh Amendment guarantee to a jury trial. Id.

Plaintiffs cite to Mahoney v.  Delaware McDonald's Corp., 770 F.2d 123 (8th Cir. 1985),

in which the prospective lessor of franchise retail space sued the franchisor under a theory of

promissory estoppel and was awarded reliance damages.  The district court case was apparently

tried as a bench trial before a magistrate judge.  However, if there was any jury trial issue before the district court, it was not raised on appeal.  In addition, Plaintiffs cite the matter of <u>Slidell, Inc. v. Millennium Inorganic Chems., Inc.</u>, 02-CV-213 (JRT/FLN), in which a promissory estoppel claim was apparently tried to a jury.  However, Plaintiffs provide nothing to suggest that the question of a jury trial was before the Court in that case, nor that the statute of frauds was at issue.  In any event, the mere fact that this Court and other courts have held jury trials on promissory estoppel claims or awarded damages for them is not dispositive of the question before this Court.[2]

It is clear that, to the extent that there was a lease agreement between Plaintiffs and Defendants, it should have been reduced to writing, consistent with Minnesota law.  It is undisputed that any agreement was not reduced to a writing. The statute of frauds is therefore implicated.[3]  Under the Supreme Court's two-part test requiring the Court to examine the nature of the right and the remedy sought, Wright and Miller, <u>Merex</u> and <u>Geneva</u> all state the general principle that a promissory estoppel claim used to avoid the statute of frauds sounds in equity.

However, these authorities also recognize that, as to the second part of the analysis, promissory estoppel claims for money damages may signify that the right is legal, and

---

[2]  The Court notes that an earlier promissory estoppel case before this Court that also involved an oral lease agreement was tried as a bench trial.  <u>Meshbesher & Spence, Ltd. v. Sprint Spectrum, L.P.</u>, 03-CV-3434 (JRT/JSM).  There, however, the plaintiff did not object to the defendant's request for a non-jury trial and voluntarily waived its right to a jury trial.  (Letter of 3/16/05 from K. Nicklow to Judge Tunheim at 1 [03-CV-3434 Doc. No. 70].)  In light of the waiver, the Court did not substantively analyze the issue.  (Order of 3/18/05 [03-CV-3434 Doc. No. 72].)

[3]  This conclusion is fully consistent with the Court's earlier ruling on Defendants' Motion for Summary Judgment.  There, this Court found that because genuine issues of material fact existed as the alleged unconscionability of Defendants' conduct, summary judgment was not appropriate, and was denied.  (Order of 1/5/12 at 12 [Doc. No. 134].)

consequently, that the right to a trial by jury attaches.   However, a claim for money damages

does not always constitute a claim for "legal" relief.   Merex, 29 F.3d at 825.   The resolution of

this issue is inherently dependent on the specific facts before a court, including the type of relief

sought.

As to the facts before this Court, Geneva's reading of Merex is instructive.   In Geneva,

the court held that when promissory estoppel is used as a consideration substitute in a contract

claim, the claim sounds in law.  2003 WL 1345136 at *4.  This Court has noted that, as a general

rule, damages for promissory estoppel are measured by a plaintiff's out-of-pocket loss.   See

Kreitzer v. Xethanol Corp., 08-CV-14 (DSD/JJK), 2009 WL 113373, *4 (citing Lewis v.

Citizens Agency of Madelia, Inc., 235 N.W.2d 831, 835 (Minn. 1975)).   Plaintiffs have

explained that their damages claims are based on, *inter alia*, the difference between the

contemplated monthly rent and Plaintiffs' mortgage, taxes and utility payment, as well as any

decline in the market value of the building at issue.  (Pls' Answers to Interrogs. at 2, Ex. 1 to

Decl. of Kelly Hoversten [Doc. No. 117-1].)   Defendants also observe that Plaintiffs' expert

report shows that Plaintiffs apparently seek some element of expectation damages.  (Defs' Mem.

Supp. Mot. Strike at 7 [Doc. No. 116].)

In Geneva, the court observed that the plaintiff "asserted a separate claim for promissory

estoppel, rather than a contract claim on which it relie[d] on the doctrine to provide

consideration."  2003 WL 1345136 at *4.  Applying Merex, the court found that under the first

prong of the analysis, the claim was more equitable than legal.  As to the second prong of the

analysis – the type of remedy sought – the court found that Geneva's damages were largely out-

of-pocket damages to be rewarded for its reliance.  Id.   The court in Geneva concluded that the

promissory estoppel claim was therefore equitable, despite elements of plaintiff's damages that

could be considered expectation damages:

> While there is some debate between the parties as to whether Geneva is entitled to
> expectation damages, and thus is seeking a legal remedy, that contention is
> rejected.  Geneva is not entitled to the benefit of the bargain because there was no
> bargain.

Id. (citing Arcadian Phosphates, Inc. v. Arcadian Corp., 884 F.2d 69, 73 & n.2 (2d Cir. 1989);

Elvin Assocs. v. Aretha Franklin, 735 F. Supp. 1177, 1183 (S.D.N.Y. 1990)).

Without ruling on the type of damages that may be available to Plaintiffs at trial, the

essence of Plaintiffs' damages are for expenses incurred in reliance on the alleged promise made

by Mr. Unger.  As in Geneva, these reliance damages place the promissory estoppel claim in the

province of equity. Plaintiffs are not using the theory of promissory estoppel to salvage an

agreement lacking in adequate consideration, which would, as Merex instructs, sound in law.

Applying both parts of the two-part analysis, this Court concludes that Plaintiffs' claim sounds in

equity.  Plaintiffs therefore have no Seventh Amendment's right to a jury trial, and pursuant to

Fed. R. Civ. P. 39(a), this matter shall be tried to the Court.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

Defendants' Motion to Strike Plaintiffs' Jury Trial Demand [Doc. No. 114] is

**GRANTED.**

Dated: February 15, 2012

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge